**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | Case No. 18-3057-01-CR-S-MDH |
| **KEYSHAUN ISAIAH JACKSON**, | |
| Defendant. | |

**MOTION FOR DETENTION**

The United States of America, by and through its undersigned counsel, moves this Court to order the detention of the defendant, Keyshaun Isaiah Jackson, should the writ he is currently detained on no longer remain in effect, and states the following in support of the motion:

1. An indictment has been filed charging Jackson with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). As such, Jackson faces a maximum sentence of 10 years' imprisonment.

2. Title 18, United States Code, Section 3142(f) provides, in pertinent part, that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions "will reasonably assure the appearance of such person as required and the safety of any other person and the community" if the attorney for the Government moves for such a hearing and the case involves:

> "(E) any felony that is not otherwise a crime of violence that involves…the possession or use of firearm…."

3. On April 11, 2018, at approximately 2340 hours, Springfield, Missouri Police Department (SPD) Officers Steven Hartman and Adam Rowles were parked in their patrol vehicle conducting surveillance in the area of Martha's Vineyard night club, located at 219 West Olive, Springfield, Missouri. Officer Hartman observed a black male wearing a

white shirt standing in the parking lot north of his location pointing his arm with what appeared to be a firearm. Officer Hartman reported seeing a muzzle flash and hearing a gunshot from the male with the firearm. Officers Hartman and Rowles reported hearing numerous other gunshots at that time, but could not discern their exact origin. Pedestrians in the parking lot at that time began running away or taking cover. Officers Hartman and Rowles responded to the location of the gunshots and observed the black male shooter, seen before in the white shirt, fleeing on foot from the parking lot where he jumped a number of fences continuing to flee. Officers Hartman and Rowles provided a description of the fleeing suspect to SPD dispatch and returned to the shooting scene to check for victims.

Officer Hartman located no victims on scene, but spoke with a witness, identified as Devonna Harris, who identified Dale Jones (JONES) as the suspected shooter in the parking lot. Harris observed JONES walk past where she was seated in a vehicle on the parking lot and start shooting toward a male she identified as the defendant, KEYSHAUN ISAIAH JACKSON, who was seated in the driver's seat of a black Nissan Maxima. Harris stated that JACKSON exited the vehicle and was "just standing there" firing a handgun at JONES until both JACKSON and JONES were seen running from the scene.

SPD Officer, Eric Hawkins, responded to assist with the crime scene and reported locating a total of eight, .40 caliber, spent shell casings in the parking lot of 219 West Olive and noted a bullet hole in the front driver's side fender of a black 2010 Nissan Maxima parked on the parking lot.

Officer Hartman conducted an inventory search of the black 2010 Nissan Maxima prior to custody towing it from the scene and noted a Glock brand, 23 model, .40 caliber semi-automatic pistol, serial number SFU707, in plain view in a cup holder of the center console. Officer Hartman located paperwork belonging to JACKSON in the driver's side door pocket and in the glove box. Those items were seized as evidence and the vehicle was towed from the scene for further processing.

JONES was identified and apprehended moments after the shooting by SPD Officers in the bathroom of Falstaff's bar, 311 West Park Central, Springfield, Missouri. JACKSON was not located at that time.

On April 12, 2018, SPD Officers responded to 1914 East Bennett, Springfield, Missouri, in reference to a disturbance in progress. Upon arrival, JACKSON was identified as an occupant of that residence and he barricaded himself inside for some time. JACKSON eventually exited the residence and was arrested by SPD officers for outstanding felony arrest warrants.

2

On April 13, 2018, at approximately 0124 hours, Officers Hartman and Rowles interviewed JACKSON post *Miranda* at SPD Headquarters. JACKSON was questioned about the shooting that had occurred at Martha's Vineyard, and he subsequently admitted that JONES began shooting a firearm at him in a failed robbery attempt. JACKSON claimed that he obtained a Glock .40 caliber pistol from his vehicle (Nissan Maxima) and fired four rounds back at JONES in defense. JACKSON stated that he then returned the Glock pistol to the center console area of the Nissan Maxima and fled from the scene on foot.

On May 3, 2018, ATF Special Agent Brian Fox received a description of the firearm seized. SA Fox has received specialized training in the determination of the interstate movement of firearms and ammunition. SA Fox concluded the firearm in question was not manufactured in the State of Missouri and therefore, it would have been transported across a state line at some time during or before JACKSON's possession of it.

ATF-TFO Eric Pinegar conducted a function test of the firearm seized and determined it to be fully operational.

JACKSON has been previously convicted of burglary in the first degree. Burglary in the first degree is a crime punishable by imprisonment for a term exceeding one year under laws of the State of Missouri.

4. The United States submits that there is clear and convincing evidence that there are no conditions that the Court could place on Jackson's release that would reasonably assure his appearance in Court and the safety of the community. *See* 18 U.S.C. § 3142(g)(1) nature and circumstances of the offense; (2) weight of the evidence; (3)(A) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (B) whether the defendant was on probation/parole at the time of the offense; and (4) danger to the community or other persons. Because of this, the United States requests that a detention hearing be held and that Jackson be detained. *See generally, United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1337, 1338 (8th Cir. 1986).

WHEREFORE, based on the foregoing, the United States requests that the Court hold a detention hearing in accordance with 18 U.S.C. § 3142(f), and following such hearing, order the detention of Cole.

        Respectfully,

        Timothy A. Garrison
        United States Attorney

      By    */s/ William L. Meiners*
        William L. Meiners
        Assistant United States Attorney
        Missouri Bar No. 28263
        500 Hammons Tower
        901 St. Louis Street
        Springfield, Missouri 65806
        (417) 831-4406

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on May 23, 2018, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ William L. Meiners*
        William L. Meiners
        Assistant United States Attorney